

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-15-00280-CV**

**IN RE NANCY ROSE BEDDINGFIELD**

_____

**Original Proceeding**

_____

## MEMORANDUM  OPINION

Nancy Rose Beddingfield, acting as her own attorney, has filed a document entitled "Notice of Emergency Interlocutory Appeal to the Tenth Court of Appeals, Waco, TX for Mandamus."  After careful consideration of the allegations of the document, the request for relief, and the attachments, including a completed docketing statement, we have concluded that the filing is properly characterized as a petition for a writ of mandamus.[1]  Although it is difficult to follow Rose's complaint, it appears she is

---

[1] There are a number of procedural problems with the filing.  As a notice of appeal of an interlocutory order it fails to identify any order signed by the trial court for which we would have interlocutory appellate jurisdiction to review.  *See* TEX. R. APP. 25.1(b).  Additionally, with regard to the filing being a petition for issuance of a writ of mandamus against the court coordinator or trial court clerk, we only have jurisdiction to issue such a writ against these persons in the event they are interfering with this Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (a), (b).  As we understand the document filed, no such action is threatened

complaining that matters continue to be set for submission and are scheduled to be heard on August 27, 2015, notwithstanding her pending motion to recuse the trial court judge which she asserts was filed on July 30, 2015.  Rose contends this is improper because the trial court is without jurisdiction to act further until the motion to recuse is ruled upon by a different judge.[2]  A copy of the motion to recuse the trial court judge was not included in Rose's petition filed with this Court.

Rule 18a of the Rules of Civil Procedure sets forth specific requirements for the filing of a motion to recuse and the procedure to be followed in the event a motion to recuse is filed.  TEX. R. CIV. P. 18a.  Most specifically to this proceeding, in the event a motion to recuse is filed, the respondent judge is required to either recuse himself or to refer the motion to the regional presiding judge within three business days of the filing of the motion in writing and filed with the clerk.  TEX. R. CIV. P. 18a(f)(1).  The respondent judge either must take no further action until the motion has been decided if the motion was filed before evidence has been offered at trial absent good cause stated in writing or on the record, but is not similarly prevented from proceeding if the motion was filed after evidence has been offered at trial.  TEX. R. CIV. P. 18a(f)(2).  Rose's remedy for the trial

---

by either the court coordinator or the trial court clerk.  Further, with regard to the filing being a petition for issuance of a writ of mandamus the filing fails to include a number of the procedural requirements such as an appendix or the record necessary to show an entitlement to any relief, sworn or certified copies of relevant documents, or the required oath regarding the evidence.  TEX. R. APP. P. 52.3.  Nevertheless, we look beyond these procedural deficits to deliver a more expeditious resolution of this proceeding.  Tex. R. App. P. 2.

[2] Rose has not requested that this Court issue a writ of mandamus to compel the respondent judge to take any action regarding the regional presiding judge nor to compel a ruling on the motion to recuse.  It appears that Rose's intent in this mandamus proceeding is to prevent the hearing currently scheduled for August 27, 2015 and to prevent the court coordinators from setting any hearings prior to the ruling on the motion to recuse.

court's failure to comply with Rule 18a is to notify the regional presiding judge, and there is no showing that Rose has notified the regional presiding judge. TEX. R. CIV. P. 18a(f)(3).

There is no prohibition against the parties to a proceeding requesting and the trial court personnel setting matters for submission while a motion to recuse the particular trial court judge is pending pursuant to Rule 18a. Not all procedures are required to stop in a trial court just because such a motion has been filed. The only thing that cannot occur once a motion to recuse a trial court judge is filed is that the trial court judge that is the target of the motion cannot conduct any hearings or render any orders or judgments until the motion to recuse is resolved. In this proceeding Rose has not identified any hearing or ruling of the trial court judge that has occurred since she filed her motion to recuse, nor has she indicated that she has advised the regional presiding judge of the respondent judge's failure to comply with Rule 18a.

It is important to note that any number of events could occur on or before the date of the scheduled hearing that would allow the hearings to proceed. The regional presiding judge could rule on the motion and deny her motion to recuse or grant the motion and appoint a different judge to preside on the date the hearing is currently set. It is also possible that a different judge could agree to hear the pending matters through an exchange of benches. *See* TEX. CONST. art. V, § 11, TEX. R. CIV. P. 330. The options set forth above are not intended to be exhaustive of the possibilities nor requirements of this Court, but what it demonstrates is that there is no requirement for this Court to invoke its mandamus authority to compel the setting aside of the scheduled matters pending in

the trial court nor should this Court issue advisory or emergency rulings before the scheduled hearings occur.

We have no doubt that the trial court is well aware of the actions that must be taken when a motion to recuse is filed and we see nothing in the filing in this Court to indicate that the respondent judge has taken or intends to take any improper or inappropriate action while a motion to recuse is pending.

Accordingly, we deny the relief requested by Nancy Rose Beddingfield and specifically, the petition for writ of mandamus is denied.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition Denied
Opinion delivered and filed August 20, 2015
[OT06]

